ANNIE B. HUGHES, EXECUTRIX, v. WILLIAM COBURN, SHERIFF.

[FILED OCTOBER 26, 1892.]

**Sale:** CHATTEL MORTGAGE BY PURCHASER IN POSSESSION. The C. B. Co., doing business in Chicago, Ill., ordered stoves from the C. C. S. Co. at Quincy, Ill., which, by direction of the former, were consigned to it at Omaha in care of a designated warehouse. B., the president of the C. B. Co., who was doing business in Omaha under the name of the O. T. H. F. Co., unloaded said stoves and stored them in the warehouse named, in space rented by him in the name of the O. T. H. F. Co. During the suc-

ceeding thirty days B. exercised frequent acts of ownership over them, including the sale of a number thereof. At the expiration of the time named, B. mortgaged them to secure a debt due to the C. B. Co., giving possession under the mortgage. They were subsequently taken under an attachment against the C. B. Co. *Held*, The inference from the facts stated is that the C. B. Co. intended to part with the title and possession of said property in favor of C. B., and that the mortgagee of the latter is entitled to possession as against a subsequent attaching creditor in a suit against the C. B. Co.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Cornish & Robertson*, for plaintiff in error.

*A. C. Wakeley, contra.*

POST, J.

This was an action of replevin for one hundred and fifty stoves by William Hughes against the defendant, sheriff of Douglas county. Hughes died and the action was revived in the name of plaintiff in error as his executrix. Plaintiff claims the property by virtue of a chattel mortgage to William Hughes by one Charles Baldwin. The defendant claims by virtue of an attachment in favor of the Comstock Castle Stove Company and against the Charles Baldwin Company, an Illinois corporation. On the 16th day of February, 1888, the Comstock Castle Stove Company sold to the Charles Baldwin Company a bill of stoves amounting to $900. By direction of the last named company, said stoves were shipped to Omaha in care of Bushman's warehouse and consigned to the Charles Baldwin Company. On their arrival in Omaha, said stoves were taken from the cars by the employes of said Baldwin, who was doing business in that city under the name of the On Time Household Fair Company, and stored in space rented by him in the warehouse aforesaid. Subsequently fourteen of them were removed by Baldwin,

or his employes, to the place of business of the On Time Household Fair Company and there sold and disposed of. The Charles Baldwin Company soon after failed, owing to numerous creditors, including the bill to the Comstock Castle Stove Company, for the stoves in dispute. On the 13th day of March, 1888, William Hughes commenced an action in Douglas county against the Charles Baldwin Company for goods sold and delivered, and caused the property of Baldwin, known as the On Time Household Fair Company, to be attached. Two days later Baldwin, to secure a settlement of the last named suit and to obtain possession of the property in the hands of the sheriff, offered to give his personal note for the sum due Hughes, secured by chattel mortgage upon the stoves in controversy. This proposition was accepted by Hughes, who receipted the bill against the Charles Baldwin Company, and paid the costs in the attachment suit, amounting to $16.55, and Baldwin immediately executed to Hughes his note for $399.92 and a mortgage on said stoves, which were turned over to the attorneys for Hughes, Bartlett & Cornish. The next day the stoves were taken by the defendant as sheriff to satisfy an attachment in an action by the Comstock Castle Stove Company against the Charles Baldwin Company. There was no further evidence introduced by either party with reference to the transaction between the Charles Baldwin Company and Charles Baldwin, the individual.

The question in whom was the title to the property, at the time it was mortgaged to Hughes, must depend therefore upon the inference to be drawn from the foregoing facts. Although there is evidence tending to prove fraud on the part of the Charles Baldwin Company, as well as Baldwin the individual, it should be remembered that fraud is not the ground upon which the defendant claims. By suing for the agreed price of the goods sold, the Comstock Castle Stove Company ratified the sale, and must now rely upon the title of the Charles Baldwin Company at the time of its

attachment against the latter.   The stoves were shipped to Omaha by direction of the Charles Baldwin Company, given at the time they were purchased, were unloaded by Charles Baldwin, and stored by him in space belonging to him in Bushman's warehouse.   He, Baldwin, had for nearly thirty days exercised repeated acts of ownership over them, and had sold and removed fourteen of the number.   The only natural and reasonable inference from these facts is that the intention of the Charles Baldwin Company was to invest the said Charles Baldwin or the On Time Household Fair Company with both the title and possession of the property.   Whether the title of the latter could be impeached for fraud is a question not presented by the record in this case, since the only question presented or discussed is that of the legal title.   There is another significant feature of the case, viz., that the mortgage under which plaintiff claims, was executed to secure an indebtedness due from the Charles Baldwin Company to William Hughes, hence any equitable considerations in favor of the claim represented by the defendant are equally applicable to that of the plaintiff.   It is not necessary to examine the authorities cited by counsel.   As has already been intimated, both the title and possession of the property in controversy were in Baldwin, plaintiff's mortgagor, at the time it was mortgaged by the latter, and the mortgagee, William Hughes, acquired a title thereby which should prevail as against one who subsequently attached in an action against the Charles Baldwin Company.   The judgment of the district court is

REVERSED.

THE other judges concur.